UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RALPH DESIMONE,

                    Plaintiff,                           Civil Action No.:

v.                                                **COMPLAINT**

MICHAEL J. AVILES AND MICHAEL          **JURY TRIAL**
J. AVILES & ASSOCIATES LLC,                   **DEMANDED**

                  Defendants.
------------------------------------------------------------------X   ECF Case

      Plaintiff, Ralph DeSimone, by his attorneys, DeSimone & Associates, LLC, by way of Complaint against defendants Michael J. Aviles and Michael J. Aviles & Associates LLC alleges as follows:

## PRELIMINARY STATEMENT

      1.     This is a diversity action in which Mr. DeSimone seeks equitable relief and monetary damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper. This case arises out of the sale and assignment of certain legal fees by the parties' former law firm in the case entitled *Sarcona v, NYCTA*, New York County Supreme Court, Index No. 11462/09. (the "*Sarcona*" case). As will be set forth further below, Defendants, upon their sole receipt of the *Sarcona* legal fees, failed to deliver the agreed upon amount to the purchaser of the right to those fees in a blatant attempt to leave Mr. DeSimone "holding the bag." That purchaser is now seeking the shortfall amount directly from Mr. DeSimone. This fraudulent conduct on the part of Mr. Aviles was and is a clear breach of the fiduciary duty owed to his former law partner, Mr. DeSimone. Should Mr. DeSimone be

1

ultimately found liable for the alleged unpaid *Sarcona* legal fees, he is entitled to be indemnified by the Defendants for any such liability.

## JURISDICTION AND VENUE

2. This Court has diversity jurisdiction herein pursuant to 28 U.S.C. §1332(a). No Defendant is a citizen of the same state as Plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) as a substantial portion of the events or omissions giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiffs demand a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff, Ralph DeSimone, is a resident of the State of New Jersey.

6. Defendant Michael J. Aviles ("Mr. Aviles"), at all relevant times, was and is a resident of the State of New York.

7. Defendant Michael J. Aviles & Associates LLC ("MJA LLC") is a New York limited liability corporation with its principal place of business located at 145 Hudson Street, Suite 5C, New York, New York 10013.

## FACTUAL ALLEGATIONS

8. From approximately October 2001 until May 2014, Mr. DeSimone and Mr. Aviles were active law partners in the firm Desimone, Aviles, Shorter, & Oxamendi, LLP. ("DASO")

9. During the DASO partnership, in October 2012, the underlying *Sarcona* personal injury case was tried to verdict solely by Mr. DeSimone. The trial resulted in a gross $3.1 million jury verdict with liability apportioned 50%/50% between DASO's client, the plaintiff, and the defendant, the NYCTA, resulting in a net verdict in favor of DASO's client of $1.55 million. Subsequent to the verdict, the NYCTA filed a Notice of Appeal. Pursuant to the retainer agreement with their client, DASO was entitled to 1/3 of the recovery as its fee.

10. Given DASO's finances at the time and in anticipation of either a settlement with the NYCTA or a favorable outcome on NYCTA's appeal, DASO entered into a financing arrangement with RD Legal Funding Partners, LLC ("RD Legal") whereby DASO agreed to sell and assign its interest in the *Sarcona* legal fee to RD Legal. (*See* Master Assignment and Sale Agreement and Schedule A-1 attached hereto as Exhibit 1 [the "Agreement"]). Mr. DeSimone and Mr. Aviles both executed the Agreement on behalf of DASO.

11. Pursuant to Schedule A-1 of the Agreement, on or about July 1, 2013, RD Legal agreed to advance DASO $250,000 to "purchase" $407,107.31 of the *Sarcona* legal fee receivable. (*See* Ex. 1, Schedule A-1). Pursuant to the Supplement to Schedule A-1, the ultimate price paid by RD Legal to DASO was dependent on the timing of the payment by DASO of the *Sarcona* legal fee to RD Legal Funding. (*See* Ex. 1, Supplement to Schedule A-1)  In other words, the faster DASO was able to pay RD Legal Funding the attorney's fees, the greater the "purchase price" such that, for example, if DASO paid by July 31, 2013, the "purchase price" paid by RD Legal to DASO would be $398,733.05. (*Id.*)

3

12. To secure its obligations under the Agreement, DASO granted RD Legal a security interest in all the receivables purchased by RD Legal pursuant to the Agreement, including the *Sarcona* legal fee. Furthermore, Mr. Aviles and Mr. DeSimone executed guarantees with respect to DASO's obligations to RD Legal.

13. Upon information and belief, on or about July 15, 2013, RD Legal perfected its security interest in the receivable by filing a UCC-1 Financing Statement with the appropriate filing office.

14. Subsequently, in the second half of 2014 and while the *Sarcona* case was still unresolved, Mr. DeSimone made the decision that he and Mr. Aviles should practice law separately and should wind down the DASO partnership. While there were many reasons for Mr. DeSimone's decision, the relationship reached a breaking point when Mr. DeSimone learned that, Mr. Aviles, in approximately November 2013, unbeknownst to Mr. DeSimone, decided to engage in the unauthorized practice of law outside of DASO, specifically in the *Parades* matter pending in the United States Bankruptcy Court for the Southern District of Texas. (See Memorandum Opinion of the United States Bankruptcy Court for the Southern District of Texas in the case *In Re: Michael Glyn Brown et al.*, dated June 18, 2014, attached hereto as Exhibit B). Beyond the unauthorized practice of law, Mr. Aviles was found by that Court to have engaged in the spoliation of evidence. (*Id.*) Mr. Aviles's actions in that matter led to the Attorney Grievance Committee for the 1st Department to publicly censure Mr. Aviles (*See In the Matter of Aviles*, 152 A.D.3d 27 [1st Dep't 2017], attached hereto as Ex. 3).

15. Mr. DeSimone also believed that Mr. Aviles had begun converting legal fees from cases directly to himself versus having these earned fees recorded and

4

distributed through DASO. These events led to the disintegration of the DASO partnership.

16. As part of the split, an agreement was then reached by Mr. Aviles and Mr. DeSimone wherein clients and matters that originated with each partner would remain with that partner so long as the respective clients consented. With these matters, all fees, disbursements and debts, *i.e.* unpaid disbursements or funding agreements, *i.e.* the RD Legal funding would follow the matter and inure to the benefit or become the responsibility of the partner who inherited the file.

17. Thus, as part of that split, Mr. DeSimone and Mr. Aviles agreed that Mr. Aviles would retain the *Sarcona* matter through conclusion. As part of that agreement, Mr. Aviles agreed and assured Mr. DeSimone that he would make sure that the RD Legal obligation was satisfied once the *Sarcona* matter concluded. Mr. DeSimone relied upon Mr. Aviles's false representation in making the decision to allow Mr. Aviles to solely retain the *Sarcona* matter.

18. Unbeknownst to Mr. DeSimone, upon information and belief, sometime in early 2015, Mr. Aviles settled the *Sarcona* matter with the NYCTA for approximately $1.5 million and retained for himself and his firm MJA LLC, the 1/3 legal fees in the matter.

19. Upon information and belief, on or about April 29, 2015, Mr. Aviles and MJA LLC reached an agreement with RD Legal and paid $315,000.00 of the legal fees they received from the *Sarcona* matter to satisfy DASO's obligation to RD Legal. RD Legal accepted this lesser amount from Mr. Aviles and MJA LLC in full satisfaction of DASO's liability despite having a perfected security interest and lien on the *Sarcona*

legal fees and despite, upon information and belief, the fact that NYCTA would not release the settlement funds until RD Legal agreed that the obligation owed it by DASO was satisfied. In breach of his fiduciary obligations to both Mr. DeSimone and DASO, Mr. Aviles, in exchange for that payment, secured a release only for himself with respect to the RD Legal Funding matter. (*See* Release, attached hereto as Ex. 4) Upon information and belief, Mr. Aviles made no effort to secure a release for either Mr. DeSimone or DASO.

20. This is not the only instance of Defendant Aviles attempting to protect only himself without any regard for DASO or Mr. DeSimone. In the sole malpractice case ever filed against DASO, one of the few cases handled by Aviles, Mr. Aviles represented his cousin in a personal injury matter. His representation eventually led his cousin to file suit against DASO, Mr. Aviles and Mr. DeSimone. It was discovered there that Mr. Aviles made a cash payment to his cousin, outside of the knowledge of his cousin's retained attorney and the Court, in exchange for a release for only himself. (*See* Affirmation of John Ponterio filed in *Pizarro v. Aviles et al.*, Sup. Ct. N.Y. Cnty., Index No. 16183/2015, attached hereto as Ex. 5). Of course, Mr. Aviles' attempt at cutting his cousin's attorney out of his legal fee and subsequent cover-up was discovered.

21. Subsequently, on July 22, 2015, RD Legal sent Mr. DeSimone a letter demanding the purported balance due of $92,109.31. Given that (i) Mr, DeSimone never received any of the legal fees associated with the *Sarcona* matter, (ii) Aviles and/or MJA LLC received all of the *Sarcona* legal fees and (iii) RD Legal compromised the matter for $315,000 which fully satisfied DASO's obligation, Mr. DeSimone refused RD Legal's demand.

22. On May 18, 2016 RD Legal sued Mr. Aviles, MJA LLC, Mr. DeSimone, DASO and Mr. Desimone's new firm, DeSimone & Associates, LLC, in Supreme Court, New York County for the purported unpaid balance of $92,109.31 plus attorney's fees and costs. *RD Legal Funding Partners LP v. Aviles et al.*, Sup. Ct., N.Y. Cnty., Index No. 652662/2016. (the "RD Legal Suit"). Specifically, as against Mr. DeSimone, RD Legal asserted causes of action for breach of fiduciary duty, conversion and breach of the guaranty. Shortly after filing the Complaint, on June 21, 2016, RD Legal discontinued the action against Mr. Aviles and MJA LLC with prejudice, presumably because of the release Mr. Aviles secured solely for himself.

23. Mr. Desimone on behalf of himself and DASO then moved to dismiss the Complaint and RD Legal cross-moved for partial summary judgment against Mr. DeSimone on the breach of guaranty cause of action. On April 11, 2018, Judge Crane, without any discovery having taken place, granted partial summary judgment in RD Legal's favor with respect to its claim against Mr. DeSimone for his purported breach of the guaranty and awarded RD Legal $92,109.31 plus interest from May 17, 2016. Judge Crane further scheduled an inquest with respect to the attorney's fees purportedly owed by Mr. DeSimone pursuant to the guaranty. That action is still pending.

### COUNT ONE FOR EQUITABLE INDEMNIFICATION
### AGAINST DEFENDANTS AVILES AND MJA LLC

24. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

25. Based upon the foregoing allegations, if Mr. DeSimone is ultimately liable for any or all part of the claim for damages asserted by RD Legal in the RD Legal Suit,

7

then Mr. DeSimone is entitled to equitable indemnification from the Defendants in the amount of his financial responsibility to RD Legal in the RD Legal Suit.

## COUNT TWO FOR BREACH OF FIDUCIARY DUTY AGAINST DEFEDANT AVILES

26. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

27. As Mr. DeSimone's law partner and as a partner in DASO, Aviles owed and owes Mr. DeSimone and DASO a fiduciary duty to act at all times with the utmost care, honesty, undivided loyalty and fidelity in all of his business dealings with Mr. DeSimone and DASO.

28. Aviles breached his fiduciary duty to Mr. DeSimone and DASO by the acts of dishonesty, misfeasance and malfeasance as set forth herein that were designed to saddle Mr. DeSimone with the obligations of DASO for the benefit of Mr. Aviles himself.

29. As a proximate cause of Mr. Aviles breach of fiduciary duty, Mr. DeSimone has been damaged as alleged herein in an amount to be proven at trial.

## COUNT THREE FOR AN EQUITABLE ACCOUNTING

30. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

31. The actions of Mr. Aviles and MJA LLC as alleged above entitle Mr, DeSimone to an equitable accounting by Mr. Aviles and MJA LLC for all moneys and

other property received by Defendants or other entities controlled by Defendants with respect to the *Sarcona* settlement and the RD Legal obligation.

33. There exists a fiduciary relationship between the parties with respect to the *Sarcona* legal fees and the RD Legal obligation, Mr. DeSimone entrusted Defendants with respect to these matters as to which each Defendants are bound to reveal their dealings.

## COUNT FOUR FOR A CONSTRUCTIVE TRUST

33. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

34. Based upon the foregoing allegations, Mr. DeSimone is entitled to the imposition of a constructive trust on all proceeds obtained by Defendants from the *Sarcona* matter.

**WHEREFORE**, Plaintiff demands the following relief against Defendants:

a. For an Order that Plaintiff is entitled to be fully indemnified by Defendants, jointly and severally, for any and all amounts Plaintiff is held responsible for in the RD Legal Suit;

b. For an accounting;

c. For a constructive trust;

d. Compensatory damages in an amount to be determined by a jury;

e. Punitive damages in an amount to be determined by a jury;

f. Costs and interest and attorney's fees;

g. Such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         May 7, 2018

_____
David A. Beke (DB 3482)
DESIMONE & ASSOCIATES, LLC
745 Fifth Avenue, Suite 500
New York, New York 10151
(646) 776-7425 (phone)
(212) 207-3111 (fax)